[Civ. No. 2474. First Appellate District, Division One.—January 29, 1919.]

## GEARY STREET, PARK AND OCEAN RAILROAD COMPANY (a Corporation), Respondent, v. GEORGE CAMPBELL, Appellant.

## GEARY STREET, PARK AND OCEAN RAILROAD COMPANY (a Corporation), Respondent, v. JEAN CAMPBELL ROOT et al., Defendants; JEAN CAMPBELL ROOT, Appellant.

CORPORATIONS—STOCK SUBSCRIPTION—ACTION TO RECOVER ASSESSMENTS—EVIDENCE—CORPORATION BOOKS.—In actions by a corporation to recover assessments for unpaid subscriptions to its capital stock, books of the corporation, more than thirty years old, produced and identified by the secretary of the corporation, who testified that they were turned over to him in the ordinary course of business, when he became such secretary, as the books of the corporation, were properly admitted in evidence.

ID.—FINDINGS SUSTAINED BY EVIDENCE.—In such actions the evidence from the books in question was sufficient to make out a *prima facie* case and satisfy the burden cast upon the plaintiff to prove non-payment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jesse H. Steinhart and Steinhart, McAtee & Levy for Appellants.

Pillsbury, Madison & Sutro for Respondent.

KERRIGAN, J.—These actions were brought to recover alleged unpaid subscriptions to the capital stock of plaintiff corporation. By stipulation of counsel the actions were tried together, and it was agreed that the evidence offered and received should apply equally to both cases. The appeals are by stipulation presented upon one bill of exceptions, and have been consolidated by order of this court.

They are brought here by George Campbell and Jean Campbell Root from judgments rendered against them on a stock call or assessment arising as follows: The Geary Street, Park and Ocean Railroad Company was incorporated with a capitalization of one million dollars, divided into ten thousand shares of the par value of one hundred dollars each. On the twenty-fifth day of November, 1915, the board of directors of the corporation levied an "assessment and call" upon its capital stock. The assessment was levied for the purpose of paying certain obligations of the company. It amounted to the sum of $34 a share in all, and was therefore more than ten per cent of the capital stock. In an exhibit attached to the complaint the order of the board of directors levying the assessment is set forth, as are also certain recitals as to the indebtedness of the corporation, the issuance of the capital stock, and the declaration that the amount of $62.50 remains unpaid upon the original subscription to each share. The complaint further sets forth that an assessment or call for unpaid subscriptions in the sum of $34 will be required to raise the amount of indebtedness of the company. The resolution assessing the stock also appears therefrom. The complaint also shows that the directors of the company elected to waive proceedings leading up to a sale of the stock for nonpayment of the assessment, and decided to bring actions against the stockholders for the amount sued for.

At the time the assessment was levied the defendants herein were the owners of fifty shares of the capital stock of the company which they had inherited from their father. Upon their failure to pay the assessment these actions were brought against them by the corporation for one thousand seven hundred dollars each.

The complaint proceeds upon the theory that the stock was never fully paid up, and it is conceded that the action is one to recover upon unpaid subscriptions. The trial court found that there had been paid upon each share of the capital stock of plaintiff the sum of $37.50, and that the remainder of the subscription, $62.50, remained unpaid. Judgment went for plaintiff, and the defendants appeal.

As grounds for reversal appellants claim that no sufficient foundation was laid for the introduction in evidence of certain books and records of the company to prove nonpay-

ment. They further claim that even assuming the books and records to have been properly admitted, they do not make out a case against them for the reason that they fail to show that no more than $37.50 a share was paid in by the stockholders on their stock, or that appellants or their predecessors in interest did not themselves pay the whole balance due thereon. They also claim that the amount of the assessment exceeds the debts of the corporation.

The books of the company received in evidence were more than thirty years old. The secretary of the plaintiff, who had occupied that position for many years, produced them, and testified that they were turned over to him in the ordinary course of business when he became such secretary, as the books of the corporation, and he identified them as such. He was the custodian of the books and records of the company, and the evidence offered was deemed sufficient by the trial judge. Being free from suspicion of fraud, we think they were properly admitted. The proof presented was sufficient to make out a *prima facie* proof of identity.

From certain pages of these books it is apparent that there were eight assessments upon the stock of the corporation aggregating $37.50 a share, after which the stock was issued. The fact of issuance of the stock, it is claimed by appellant, raises the presumption of payment. Assuming this to be true, the corporation books show the contrary, for it appears therefrom that no certificates were issued until $37.50 a share had been paid after the eight assessments, at which time it would follow, as the court found, there still remained due upon the stock the sum of $62.50 a share, and that no other assessments were ever levied. The court below gave credit to this evidence, and its finding cannot be disturbed here.

We are further of the opinion that this evidence was sufficient to make out a *prima facie* case, and that it satisfied the burden cast upon plaintiff to prove nonpayment.

That the amount of the assessment did not exceed the debts of the corporation is fully sustained by the evidence. The assessment at $34 a share amounted to three hundred and forty thousand dollars in all, and the evidence shows that the company was indebted for an amount slightly in excess of that sum.

From what we have said it follows that the judgment should be affirmed, and it is so ordered.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 27, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 27, 1919.

Angellotti, C. J., Shaw, J., Lawlor, J., Wilbur J., Lennon, J., and Olney J., concurred.